IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLARK AND ASSOCIATES, INC.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>SHAWN A. RUNSTED and SUSAN K. RUNSTED, as Debtors-In-Possession acting on behalf of the Chapter 11 Bankruptcy ESTATE,<br><br>Defendant and Counterclaimants,<br><br>---<br><br>SHAWN A. RUNSTED and SUSAN K. RUNSTED, as Debtors-In-Possession acting on behalf of the Chapter 11 Bankruptcy ESTATE,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>SCOTT BOERSTRA; EQUITY REALTORS | **ORDER APPROVING MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING**<br><br>Case No. 2:19-cv-00511-HCN<br><br>Howard C. Nielson, Jr.<br><br>United States District Judge |

## MEMORANDUM DECISION AND ORDER

The Court has reviewed the Motion to Withdraw the Automatic Reference of this Adversarial Proceeding to the United States Bankruptcy Court for the District of Utah filed by Defendants Susan Runsted and Shawn Runsted, debtors in possession, acting on behalf of the Chapter 11 Estate (Dkt. No. 2). Having considered the motion, the supporting papers, and the limited response, the Court GRANTS Defendant's motion.

Federal district courts have original jurisdiction over cases arising under the Bankruptcy Code. *See* 28 U.S.C. § 1334 (a). This Court has exercised its authority under 28 U.S.C. § 157(a) to refer all bankruptcy matters to the District of Utah's bankruptcy judges. *See* DUCivR 83-7.1. This reference is, however, subject to mandatory or permissive withdrawal, depending on the circumstances. *See* 28 U.S.C. § 157(d).

As is relevant here, withdrawal of reference is required, on the timely motion of a party, if the court determines that resolution of the bankruptcy proceeding requires consideration of not only title 11, but also other laws of the United States regulating organizations or activities affecting interstate commerce. *See* 28 U.S.C. § 157(d); DUCivR 83-7.4(b)(2). The instant Adversary Proceeding includes claims under both 11 U.S.C. §§ 548, 550 and the Truth in Lending Act ("Regulation Z") ("TILA"), which governs real property loans in interstate commerce. *See Mourning v. Family Publications Service, Inc.*, 411 U.S. 356 (1973) ("The statutory scheme is within the power granted to Congress under the Commerce Clause."); *Krieger v. Bank of America, N.A.*, 890 F.3d 429, 432 (3rd Cir. 2018) ("Congress enacted the Truth in Lending Act in response to widespread consumer confusion about the nature and cost of credit obligations."). The Court finds accordingly that withdrawal of reference is required under 28 U.S.C. § 157(d) and DUCivR 83-7.4(b)(2). The Court does not address Defendants additional contentions.

**IT IS HEREBY ORDERED**:

1. Defendants Motion to Withdraw Reference of Adversary Proceeding (Dkt. No. 2) is GRANTED. The automatic reference of this adversarial proceeding to the United States Bankruptcy Court for the District of Utah is withdrawn.
2. The clerk for the United States Bankruptcy Court for the District of Utah shall transfer the file for this matter forthwith to the clerk for the United States District Court for the

District of Utah, and this matter shall be reassigned to United States District Judge Howard C. Nielson, Jr.

DATED this 21th day of August, 2019.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge