# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLARKE AND ASSOCIATES, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>SHAWN A. RUNSTED and SUSAN K. RUNSTED,<br><br>Defendants and Counterclaimants<br><br>and<br><br>SHAWN A. RUNSTED and SUSAN K. RUNSTED,<br><br>Third-party Plaintiffs,<br><br>v.<br><br>SCOTT BOERSTRA; EQUITY REALTORS, L.L.C.; ERIC V. LEE; ESCROW SPECIALISTS, INC.; FOUNDERS TITLE COMPANY OF DAVIS; COTTONWOOD TITLE INSURANCE AGENCY, INC.; JENNIFER MOSLEY; JEFF NORMAN, LLC; DLN DSI ENTERPRISES, LLC; 4TH STREET FUNDING, LLC; REAL ESTATE EDUCATION, RESEARCH, RECOVERY FUND; and DOES 1-5,<br><br>Third-party Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING ACTION TO STATE COURT**<br><br>Civil No. 2:19-cv-000511-HCN-DBP<br><br>Howard C. Nielson, Jr.<br>United States District Judge<br><br>FOR PUBLICATION |

Shawn and Susan Runsted—defendants, counterclaimants, and third-party plaintiffs in this complicated matter—removed this action to federal court pursuant to a federal statute authorizing removal of state-court actions or claims that relate to ongoing bankruptcy proceedings. The Runsteds' bankruptcy proceedings have now concluded. As authorized by statute, this court remands this action to state court.

# I.

Plaintiff Clarke and Associates, Inc., filed a complaint against Shawn and Susan Runsted in state court asserting four state-law claims. It appears that Plaintiff and Defendants are all Utah citizens. Plaintiffs alleged that the Runsteds had defaulted on a loan secured by their house and sought an order of eviction. *See* Complaint, Dkt. No. 1, *Clarke and Associates v. Runsted*, No. 180906901 (Utah. 3d Dist. Sep 17, 2018).

The Runsteds answered the complaint, asserting eleven counterclaims against Clarke and Associates. *See* Dkt. No. 42 (First Amended Answer) (lodging state court document on federal docket). The Runsteds also filed a seventeen-count third-party complaint against eleven named individuals and entities, including Scott Boerstra, the President of Clarke and Associates, and various entities and individuals affiliated with Mr. Boerstra or involved in interactions between Clarke and Associates and the Runsteds. *See* Dkt. No. 41 at 4–7 (same).

Seven of the eleven counterclaims were based on state law. Three of remaining claims were "core proceedings"—that is, claims "that arise in a bankruptcy case or under Title 11," *Stern v. Marshall*, 564 U.S. 462, 476 (2011). *See* Dkt. No. 42 at 34–36. The remaining claim was a non-core, federal claim alleging a violation of regulations implementing the Truth in Lending Act of 1968, 15 U.S.C. § 1601 *et seq. See* Dkt. No. 42 at 28 (*citing* 12 C.F.R. § 1026.42). Thirteen of the third-party claims were based on state law. Two of the remaining claims were core proceedings, *see* Dkt. No. 41 at 36–37, and two were non-core, federal claims alleging violations of the Truth in Lending Act's regulations and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq. See* Dkt. No. 41 at 25–26, 34.

The basic theory of both the counterclaims and the third-party complaint was that the Runsteds were "victims of an illegal foreclosure rescue scheme that resulted in Clarke Inc.

acquiring the Residence with equity of over $100,000.00 for only $25,857.00, evicting the Runsteds from their home of 14 years, and leaving them devastated." *See* Dkt. No. 42 at 7. The Runsteds alleged that the scheme "was knowingly and fraudulently perpetrated by Boerstra and Clarke Inc. and legitimized and made possible by the negligent actions and breach of fiduciary duty of [the third-party defendants who assisted in the loan], each of whom had a fiduciary duty to the Runsteds." *See id.*

At the time the Plaintiff filed this suit, the Runsteds had already filed a petition for bankruptcy in this District's bankruptcy court. *See In Re Runsted,* 18-25938 (Bankr. D. Utah)*.* The Runsteds removed Plaintiff's action to the bankruptcy court pursuant to 28 U.S.C. § 1452(a). *See* Dkt. No. 9-1 at 2. This court subsequently granted a motion to withdraw the reference to the bankruptcy court, bringing the action here. *See* Dkt. No. 8; DUCivR 83-7.4.

In December 2019, Mr. Boerstra moved to dismiss the third-party claims as applied to him. *See* Dkt. No. 28. Clarke and Associates also moved to dismiss the counterclaims and strike portions of the third-party complaint. *See* Dkt. Nos. 29, 30. Three months later, in March 2020, the bankruptcy case ended. *See* Dkt. No. 34. At this court's request, *see* Dkt. No. 35, the parties then submitted briefing regarding the effect of the termination of the bankruptcy case on this action, *see* Dkt. Nos.  37, 38, 39, 40. Following a hearing on the pending motions, the court requested additional briefing about this court's jurisdiction and the appropriate disposition of this case. *See* Dkt. No. 44. Several parties filed a joint brief addressing these issues. *See* Dkt. No. 45.

## II.

As noted above, the Runsteds removed this action to federal court pursuant to 28 U.S.C. § 1452. This statute provides that, with certain exceptions not relevant here, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where

such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 in turn provides that, except for certain matters over which federal jurisdiction is exclusive, *see* 28 U.S.C. § 1334(e)(2), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the bankruptcy code], or arising in *or related to cases under title 11*." 28 U.S.C. § 1334(b) (emphasis added).

Section 1452 also provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). It appears widely accepted that Section 1452(b) authorizes a district court to remand a removed proceeding "*sua sponte* 'notwithstanding the absence of a motion ... by any party.'" *In re Am. Equities Grp., Inc.*, 460 B.R. 123, 128 (Bankr. S.D.N.Y. 2011) (quoting *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 61 (S.D.N.Y. 2011)); *see also First Fed. Sav. & Loan Ass'n (In re Ramada Inn-Paragould Gen. P'ship)*, 137 B.R. 31, 33 (Bankr. E.D. Ark. 1992); *In re Bisno*, 433 B.R. 753, 758 (Bankr. C.D. Cal. 2010); *Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc. (In re Ciclon Negro, Inc.)*, 260 B.R. 832, 837 (Bankr. S.D. Tex.2001). Various courts have identified a range of relevant factors and considerations that may be considered in deciding whether remand is appropriate. *See*, *e.g. In re Bisno*, 433 B.R. at 758 (twelve factors); *River Cement Co. v. Bangert Bros. Const. Co.*, 852 F. Supp. 25, 27 (D. Colo. 1994) (eight factors). None of these courts has suggested that the factors it identifies are exclusive, however, and there is no binding set of factors in this Circuit—which is unsurprising, given that Section 1452 authorizes remand on "*any* equitable ground." (Emphasis added.) *Cf. City of Albuquerque v. Soto Enterprises, Inc.,* 864 F.3d 1089, 1098 (10th Cir. 2017) (noting the breadth of Section 1452).

4

Here, the court concludes that three considerations, taken together, decidedly support remanding this action to state court.

First, this action could not have been initiated in or removed to federal court had the Runsteds not filed for bankruptcy. The original complaint raised only state law claims and the parties to the action appear to have all been Utah citizens. *See* Complaint, Dkt. No. 1, *Clarke and Associates v. Runsted*, No. 180906901 (Utah. 3d Dist. Sep 17, 2018). The action thus implicated neither this court's federal question jurisdiction nor its diversity jurisdiction. To be sure, the Runsteds raised federal claims in their counterclaims and third-party claims. But federal question jurisdiction is determined under the well-pleaded complaint rule. *See, e.g.*, *Louisville & Nashville RR. Co. v. Mottley*, 211 U.S. 149, 152–54 (1908). It follows that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). For the same reason, "when there is no subject-matter jurisdiction over the original action between plaintiff and defendant, it cannot be created by adding a third-party claim over which there is jurisdiction." 6 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1444 (3d. ed. 2002).

Second, the bankruptcy petition that allowed this action to be in federal court has now been dismissed. It might be thought that because jurisdiction under Section 1334 turns "upon the nexus between the underlying bankruptcy case" and the related claim, federal jurisdiction over such claims disappears when the bankruptcy proceeding ends. *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989); *see also Matter of Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993). The Runsteds are likely correct that federal courts technically retain jurisdiction in such circumstances, however, since "subject matter jurisdiction is determined when a federal court's jurisdiction is first

5

invoked." *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019). As the Fifth Circuit has explained, "the time-of-filing rule . . . applies to bankruptcy jurisdiction no less than it applies to diversity or federal question jurisdiction." *Id.*

But even if this court still has Section 1334 jurisdiction over this action as a technical matter, the rationale for exercising that jurisdiction has surely vanished. As the Fifth Circuit explained, although the "closing of a bankruptcy case does not divest federal courts of Section 1334(b) jurisdiction over cases that, when filed, were related to the bankruptcy," "such circumstances strongly favor discretionary dismissal." *Id.* at 263–64. Indeed, given that "[i]n general, core proceedings are proceedings which have no existence outside of bankruptcy," *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) (cleaned up), the Runsteds' core claims are likely no longer viable. And while emphasizing that the matter is committed to the trial court's "sound discretion," the Tenth Circuit has indicated that "when the underlying bankruptcy case is dismissed, a noncore, related proceeding ordinarily should also be dismissed." *Id.* at 1083

Third, state law claims dominate this action, whether one looks at the claims in the original complaint, the counterclaims, or the third-party complaint. Only eight of the thirty-two claims asserted in the complaint, the answer, and the third-party complaint are federal claims. Four of these eight claims are core claims that are likely no longer viable, as discussed above. And the remaining federal claims are unlikely to play a significant role in subsequent litigation. While the court is not ruling on these issues, it notes that there are serious questions regarding the timeliness of the Runsteds' claims under the Truth in Lending Act and whether the Runsteds have adequately pled a cause of action under the Real Estate Settlement Procedures Act. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (cleaned up).

## III.

In the alternative, the court finds that abstention is proper under 28 U.S.C. § 1334. As noted above, Section 1334 confers federal jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

But Section 1334 also provides that

[e]xcept with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

*Id.* § 1334(c)(1). There is little doubt that "[a]bstention [under this section] is applicable … to those cases that are originally filed in state court and removed to bankruptcy court." *In re Mattson*, 448 B.R. 540, 544–45 (Bankr. D. Kan. 2011); *accord In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999). And as with Section 1452, it appears well settled that a district court may abstain *sua sponte* under subsection 1334(c)(1) in the absence of a motion from an interested party. *See, e.g.*, *In re Thrive Nat'l Corp.*, 605 B.R. 229, 236 (Bankr. D. Utah 2017) (citing *In re Terracor*, 86 B.R. 671, 677 n.15 (Bankr. D. Utah 1988)); *Bricker v. Martin,* 348 B.R. 28, 32–34 (W.D. Pa. 2006) (Hardiman, J.) (collecting cases).

The court finds that the same considerations that support remand under Section 1452 also support abstention under Section 1334. As explained above, (1) this court would have lacked jurisdiction over this action in the absence of the bankruptcy petition, (2) the bankruptcy petition has been dismissed, eliminating the rationale for federal jurisdiction, and (3) state law claims predominate in this case. The court thus finds that the "interest of justice," "the interest of comity with state courts," and "respect for state law" all support abstention here. 28 U.S.C. § 1334(c)(1).

It appears that a court may either remand an action to state court or dismiss the action when it abstains under Section 1334. *See In re Midgard Corp.*, 204 B.R. 764, 774–775 & n.12

(B.A.P. 10th Cir. 1997). Here, the court thinks that remand is the more appropriate disposition because it will permit an adjudication of the various claims, counterclaims, and third-party claims that survive dismissal of the bankruptcy petition.

*     *     *

For all of these reasons, the court **REMANDS** this action to state court.

**IT IS SO ORDERED.**

DATED this 19th day of August, 2020.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge